

U.S. Department of Justice

Environment and Natural Resources Division

90-1-24-177-02864

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 4390*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-4390*

**Via Electronic Case Filing**

October 28, 2010

Clerk of Court
United States District Court for the Northern
   District of California, San Francisco Division
450 Golden Gate Ave. 16th Fl.
San Francisco, CA 94102

     Re: *Northern California River Watch v. Gallo et al*, U.S. District Court for the Northern District of California (San Francisco), Case No.: 3:10-cv-1999

Dear Clerk of the Court:

     On September 13, 2010, the Citizen Suit Coordinator for the Department of Justice received copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

See also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

     The United States was first notified of the resolution of this citizen suit by a letter, dated August 31, 2010, from counsel for the plaintiff. The letter indicated that the suit had been voluntarily dismissed with prejudice, and it attached the court filing of the same date. Upon receipt of the letter, the Department of Justice contacted counsel for the plaintiffs to inquire whether there was a private settlement between the parties that precipitated the voluntary dismissal. Counsel confirmed that there was such a settlement and per the Department's request provided a copy of the settlement, which was also publicly posted on plaintiff's website.

     For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.

For example, the United States views a document stipulating to dismissal of a case or any part thereof would be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement. Settlements that do not undergo the statutorily-required review process are at risk of being void.

With the understanding that the separate settlement reached in this case is a "consent judgment" within the scope of the United States' review authority, the United States has no objection to entry of the proposed consent judgment or the voluntary dismissal. We accordingly notify the Court of that fact. The United States affirms for the record that it is not bound by this settlement. See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc., 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); Sierra Club v. Electronic Controls Design, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications or the modifications are made final the parties in a separate settlement agreement. See 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 514-9050 if you have any questions.

Sincerely,

/s/ ***Matthew Z. Leopold***
Matthew Z. Leopold, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 4390
Washington, D.C. 20044-4390